UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDACHE L. STEPTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHILDS, et al.,<br><br>    Defendants. | 1:07-cv-01365-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 22, 2007 at the United States District Court for the Northern District of California. The case was transferred to the Eastern District of California on August 28, 2007 and received by this court on September 18, 2007. (Doc. 1.)

On August 30, 2007, plaintiff filed another complaint, case number 1:07-cv-01528-OWW-GSA-PC; Stepter v. Sgt. Childs, et al., at the United States District Court for the Eastern District of California, Sacramento Division. On October 19, 2007, the case was transferred by inter-district transfer to this court. On June 13, 2008, the case was dismissed, with prejudice, for failure to state a claim. (See Court Docket.)

A review of the two complaints reveals that the facts and claims are identical. Both complaints are based on the same events which allegedly occurred on June 3, 2007 in the Mariposa Level II yard

1

unit office at the Sierra Conservation Center in Jamestown, California, where plaintiff was incarcerated at the time. (07-1528 Cmp. at 3; 07-1365 Cmp. at 2.) Both complaints allege that Sgt. Childs asked plaintiff, in front of C/O Gamez, when and at which facility plaintiff last "sucked a penis" and whether plaintiff "wanted to get on C/O Gamez' penis." Id. Both complaints allege that C/O Gamez asked plaintiff why he was "speaking about his penis," when he wasn't, and that plaintiff told both defendants it was none of their business and plaintiff was not going to speak "on that." Id. Both complaints allege that defendants asked plaintiff more questions and made more sexual comments. Id. Both complaints allege that defendants' conduct caused him to feel low, violated, depressed, and traumatized. Id. In both complaints, plaintiff claims that Sergeant Childs and Correctional Officer Gamez sexually harassed him. Id. Plaintiff brings this action, 07-1365, pursuant to 42 U.S.C. § 1983, and the Court has construed the other action, 07-1528, as a "civil rights action pursuant to 42 U.S.C. § 1983." (07-1528 Transfer Order, Doc. 8 at 1:21-22.) Plaintiff makes the same claims against the same defendants in both complaints, with minor variations in the language used by plaintiff to describe the same facts. After thoroughly reviewing both complaints, the court finds that any variations in the facts or claims recited in the complaints are immaterial. Based on this analysis, the court finds the complaints to be identical. Therefore, because case 07-1528 was dismissed with prejudice for failure to state a claim, this action, case 07-1365, should also be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

In light of the foregoing, the court HEREBY RECOMMENDS that:

1. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted; and

2. The Clerk be directed to close this case.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2

after being served with these findings and recommendation, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 20, 2009**                     **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

3